UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT f/k/a THE NEW YORK STATE DEPARTMENT OF COMMERCE ECONOMIC DEVELOPMENT, an official agency within the administrative offices of the State of New York<br><br>Plaintiff,<br><br>v.<br><br>I LOVE SANTA BARBARA, INC.<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff New York State Department of Economic Development (hereinafter "NYSDED" or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant I Love Santa Barbara, Inc. (hereinafter "Defendant") and states as follows:

### THE PARTIES

1. NYSDED is an official agency within the administrative offices of the State of New York, having an address at 30 South Pearl Street, 6th floor, Albany, NY 12245.

2. Upon information and belief, Defendant I Love Santa Barbara, Inc. is a California corporation owned by Stephen C. Gaither, with a principal place of business at 102 Calle Palo Colorado, Santa Barbara, California 93105.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1071(b)(1), which provides that a party dissatisfied with a final decision of the United States Trademark Trial and Appeal Board may institute a new civil proceeding challenging such decision.

4.     This Court also has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367, and Declaratory Judgment pursuant to 28 U.S.C. §2201.

5.     Personal jurisdiction exists over Defendant because they have sufficient minimum contacts with the forum as a result of transacting and doing business within the State of New York and the Northern District of New York. Personal jurisdiction also exists over Defendant because of its conduct in offering its services under the Infringing Marks within the State of New York and the Northern District of New York. Upon investigation and information, the Infringing Marks are being used to promote and advertise services at issues on the websites www.visitsantabarbara.com and www.montecitomarketing.com, which are affiliated with Defendant.

6.     Venue is proper within this judicial district under 28 U.S.C. § 1391(b).

## NATURE OF THE ACTION

7.     This Action seeks *de novo* review, pursuant to 15 U.S.C. § 1071(b), of an administrative decision by the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (the "TTAB") in a trademark opposition proceeding brought by NYSDED entitled *New York State Department of Economic Development v. I Love Santa Barbara, Inc.*, Opposition No. 91165648 (hereinafter the "Opposition"). By Order dated October 31, 2007 the TTAB dismissed the Opposition of NYSDED and permitted the registration of the Defendant's "I♥SB" (the "First Infringing Mark"), which is the subject of Defendant's U.S. Trademark

Application Serial No. 78/364,580 ("Defendant's Application"). A true and accurate copy of the TTAB Order dated October 31, 2007 is attached hereto as **Exhibit A**.

8. NYSDED's Opposition was based on Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d) and alleged that the First Infringing Mark, when used as a trademark for "promoting Santa Barbara, California as a place to live and visit and the economic development thereof" identified in International Class 35 is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection or association between NYSDED and Defendant, or as to the origin, sponsorship, or approval of Defendant's goods, services and other commercial activities.

9. The Opposition was also based on the grounds that the trademarks of NYSDED (defined below as the "NYSDED Marks") are of sufficient fame and reputation among consumers so that when the First Infringing Mark is used in connection with the services set forth in the application, a false connection, sponsorship or affiliation with NYSDED and/or the NYSDED marks will be presumed by consumers.

10. The TTAB found that NYSDED failed to properly enter its exhibits into the record and, therefore, failed to establish the NYSDED Marks had priority over the Infringing Mark. As such, the TTAB never reached the issue of likelihood of confusion.

11. This Action also involves a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, based on the likelihood of confusion as to the relationship, sponsorship or affiliation with NYSDED caused by Defendant's use of the First Infringing Mark and use of the designation:



to identify its services of "promoting Santa Barbara, California as a place to live and visit and the economic development thereof," since at least as early as March 3, 2002 ("Second Infringing Mark"). The Second Infringing Mark registered with the U.S. Patent and Trademark Office as U.S. Trademark Registration No. 3,001,095 on September 27, 2005. The First Infringing Mark and the Second Infringing Mark shall be referred to collectively as "the Infringing Marks."

12. NYSDED seeks an Order of this Court: (1) Reversing the TTAB Order, which dismissed the Opposition; (2) Sustaining the Opposition and dismissing Defendant's application for a U.S. Trademark Registration for the First Infringing Mark; (3) Cancelling U.S. Trademark Registration No. 3,001,095 for the Second Infringing Mark; (4) Enjoining Defendant from further use of the Infringing Marks; and (5) Finding Defendant liable for: (a) trademark infringement under 15 U.S.C. § 1114, (b) trademark dilution under 15 U.S.C. § 1135(c), (c) common law infringement, and (d) common law unfair competition.

## BACKGROUND FACTS

**The NYSDED Trademark and Products**

13. NYSDED is the owner of the entire right, title and interest in and to, *inter alia*, the following federally-registered trademarks and/or service marks:

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 1,555,836 | I ♥ NY | T-shirts, gloves, hats, jackets, sport shirts, sweaters, scarves, sweatshirts, and shoes. |
| 1,558,379 | I ♥ NY | Promoting the State of New York as a tourist attraction and enhancing its economic development. |

| | | |
|---|---|---|
| 2,431,705 | I ♥ NY | Traveling Bags, tote bags, drawstring pouches, all-purpose sports bags, cosmetic bags sold empty, umbrellas, parasols and walking sticks. |
| 2765,227 | I ♥ NY | Promoting the economic development of New York State. |
| 2,765,228 | I ♥ NY | Promoting the economic development of New York State. |
| 2,769,939 | ♥ NY | Promoting the economic development of New York State. |
| 2,788,008 | NY ♥ | Promoting the economic development of New York State. |

      14.    Annexed hereto as **Exhibit B** are true and accurate copies of printouts from the United States Patent and Trademark Office web site evidencing NYSDED's ownership of these trademarks. All of the registrations set forth in **Exhibit B** are valid, subsisting, unrevoked and uncancelled. Additionally, many of these registrations are incontestable. NYSDED also owns common law rights in the above and other marks. These registered and common law trademarks are collectively referred to as the "NYSDED Marks."

      15.    NYSDED was created to promote travel and tourism in and to the State of New York throughout the country and world by, for example, distributing pamphlets and promotion on the Internet.

      16.    Since 1977, NYSDED, directly and through its predecessors, licensees, and marketing partners, has been engaged in the sale of a wide spectrum of goods and services under

the NYSDED Marks, including, but not limited to, advertising and licensing in commerce related to travel and tourism ("NYSDED Products").

17. For many years, and long prior to Defendant's filing its applications, NYSDED has used the NYSDED Marks in interstate commerce throughout the United States and in connection with a variety of goods and services in printed and paper products, apparel, jewelry, toys, advertising, and multimedia fields.

18. NYSDED has expended substantial amounts of time, effort, and money in advertising and promoting its goods and services under the NYSDED Marks. As a result, consumers, potential consumers, and the general public have come to associate and identify the NYSDED Marks with NYSDED and NYSDED derives substantial goodwill from such identification.

19. As a result of NYSDED's advertising and promotional activities, the NYSDED Marks have become famous, both in the United States and throughout the world.

**Defendant's Activities**

20. Defendant owns and operates different websites on the Internet at, for example, www.visitsantabarbara.com and www.montecitomarketing.com, bearing the Infringing Marks, marks confusingly similar to NYSDED's Marks, and promoting travel and tourism to Santa Barbara, California ("Defendant's Services").

21. Upon investigation and information, the services at issue are being marketed and advertised using the Infringing Marks on the websites located at www.visitsantabarbara.com and www.montecitomarketing.com, which are affiliated with Defendant.

22. On February 9, 2004, with full knowledge of the famous NYSDED Marks, Defendant filed two trademark registration applications with the U.S. Patent and Trademark

Office for the First and Second Infringing Marks, respectively, for use in connection with: "promoting Santa Barbara, California as a place to live and visit and the economic development thereof."

23. The Infringing Marks, as Defendant is currently using them, are likely to cause confusion as to the relationship, sponsorship or affiliation between NYSDED and Defendant and its services.

## **FIRST CLAIM FOR RELIEF**

### **(Trademark Infringement Under 15 U.S.C. § 1114)**

24. NYSDED realleges and incorporates by reference the allegations above.

25. Defendant's services are marketed through the same channels of trade and to the same customers through which NYSDED's service are marketed.

26. Defendant's use of the Infringing Marks in its marketing and advertising is likely to cause confusion or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendant's services of NYSDED's services and products, or is likely to cause consumers to believe that Defendant and NYSDED is somehow affiliated, connected or associated with each other when, in fact, they are not.

27. The NYSDED Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the State of New York and its various attractions, commercial markets, entertainment venues, and inviting atmosphere.

28. Defendant has advertised and marketed Defendant's Services to the consuming public in competition with NYSDED, in or affecting interstate commerce.

29. Defendant's use of the Infringing Marks constitutes an infringement of NYSDED's Marks in violation of the Federal Lanham Act, 15 U.S.C. §1114.

30. Defendant's infringement has and continues to injure the goodwill of NYSDED and its high-quality products and services.

31. Defendant's infringement of the NYSDED Marks has been willful and deliberate for the purpose of misleading consumers and injuring the goodwill of NYSDED.

32. Pursuant to 15 U.S.C. §1117, NYSDED is entitled to damages for Defendant's infringement, an accounting of profits made by Defendant by its actions and recovery of NYSDED's costs of this action.

33. The acts of Defendant make this an exceptional case entitling NYSDED to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

34. Defendant's use of the Infringing Marks has caused and will continue to cause irreparable harm to NYSDED, unless Defendant is enjoined from further use.

35. Pursuant to 15 U.S.C. §1116, NYSDED is entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing infringement of the NYSDED Marks.

36. NYSDED does not have an adequate remedy at law, and will continue to be damages by the use of the Infringing Mark unless this Court enjoins Defendant from such use.

## SECOND CLAIM FOR RELIEF

### (Trademark Dilution Under 15 U.S.C. § 1125(c))

37. NYSDED realleges and incorporates by reference the allegations above.

38. NYSDED's Marks are "famous marks" worldwide within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1) as a result of NYSDED's continuous and

exclusive use of the NYSDED Marks. NYSDED Marks became famous marks prior to Defendant's use of the Infringing Marks.

39. Defendant has used and continues to use marks confusingly similar to the NYSDED Marks on or in connection with the advertising, marketing and promotion of Defendant's Services.

40. The use in commerce of Defendant's Services is likely to dilute, blur, tarnish, and/or whittle away the distinctiveness of the NYSDED Marks.

41. As a direct and proximate result of Defendant's conduct, NYSDED has suffered damage to their valuable NYSDED Marks and other damages in an amount to be proved at trial.

42. NYSDED does not have an adequate remedy at law, and will continue to be damaged by the use of the Infringing Marks unless this Court enjoins Defendant from such use.

### THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

43. NYSDED realleges and incorporates by reference the allegations above.

44. As a result of the experience, care and service of NYSDED in producing and providing the NYSDED Products, the NYSDED Products have become widely known and have acquired a worldwide reputation for excellence. Moreover, the NYSDED Marks have become associated with the NYSDED Products, and have come to symbolize the reputation for quality and excellence of the NYSDED Products.

45. Defendant's use of the Infringing Marks, including the exact color scheme used by NYSDED, has caused and continues to cause confusion as to the source and/or sponsorship of Defendant's products.

46. Defendant's actions constitute trademark infringement in violation of NYSDED's rights under the common law of the State of New York. Said infringement has and continues to injure the goodwill of NYSDED and its products and services.

47. NYSDED is entitled to damages for Defendant's infringement and an accounting of profits made by Defendant through its actions and recovery of NYSDED's costs in this action.

48. The acts of Defendant have been malicious and calculated to injure NYSDED. The willful, wanton and malicious nature of Defendant's conduct entitles NYSDED to an award of its reasonable attorneys fees and punitive damages against Defendant.

49. Defendant's infringement of the NYSDED Marks is injuring NYSDED's goodwill and, unless enjoined from doing so by this Court, will continue to do so.

50. NYSDED is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued infringement of the NYSDED Marks.

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin Under 15 U.S.C. §1125(a))

51. NYSDED realleges and incorporates by reference the allegations above.

52. This claim arises under §43(a) of The Lanham Act (15 U.S.C. §1125(a).

53. The use of the Infringing Marks by Defendant is a false designation of origin or sponsorship as to services made available by Defendant and tends falsely to represent that Defendant's services originate from NYSDED or that said services have been sponsored, approved, authorized or licensed by NYSDED or are in some way affiliated or connected with NYSDED or that NYSDED's goods and/or services originate from Defendant or are sponsored, approved, authorized or licensed by Defendant.

54. Defendant's conduct is likely to confuse, mislead and deceive a not insubstantial number of relevant consumers and members of the public as to the origin of the services or to cause said persons to believe that the services have been sponsored, approved, authorized or licensed by NYSDED or are in some way affiliated with NYSDED or that NYSDED's goods and services originate from Defendant or are sponsored or licensed by Defendant all in violation of §43(a) of the Lanham Act (15 U.S.C. 1125(a)).

55. NYSDED has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (Cancellation of Trademarks Under 15 U.S.C. §1119)

56. NYSDED realleges and incorporates by reference the allegations above.

57. Based on the TTAB Order of October 31, 2007, Defendant's Application will likely register as a U.S. Trademark Registration. In the event that the mark covered by Defendant's Application is registered or will register, NYSDED seeks a ruling under 15 U.S.C. §1119 that such registration, and U.S. Trademark Registration No. 3,001,095, issued erroneously and such registrations be cancelled in view of NYSDED's prior rights.

58. In view of the identity and similarity of the Infringing Marks to the NYSDED Marks, and the identity and close relationship of Defendant's services with NYSDED's Products, the Infringing Marks as applied to Defendant's services so resemble the NYSDED Marks, as applied to the products and serves marketed and sold by NYSDED in connection with the NYSDED Marks, as to be likely to cause confusion or cause mistake or to deceive in violation of Section 2(d) of the Lanham Act, 15 U.S.C. §1052(d) and Defendant is entitled to cancellation of the Infringing Marks under 15 U.S.C. §1119.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court to enter judgment:

1. Reversing the TTAB Order dated October 31, 2007, which dismissed NYSDED's opposition and permitted registration of the First Infringing Mark.

2. Sustaining NYSDED's Opposition as to Defendant's Application with the U.S. Patent and Trademark Office.

3. Ordering that Defendant, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

   (a) From using in any manner the Infringing Marks or in combination with any word or words which so resemble the NYSDED Marks as to be likely to cause confusion, deception, or mistake;

   (b) From further diluting and infringing the NYSDED Marks; and

   (c) From otherwise competing unfairly with PEI or any of its authorized licensees in any manner.

4. Ordering that Defendant be required to deliver to NYSDED any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendant or under its control bearing the Infringing Marks.

5. Ordering that Defendant be required to deliver up for destruction their entire inventory of said products bearing the Infringing marks.

6. Ordering that Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon NYSDED a

written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs 2 through 4, *supra.*

7. Ordering Defendant to expressly voluntary abandon any pending federal, state or international trademark application which include, in whole or in part, an infringement of NYSDED Marks, including Defendant's Application, and, in the event any such applications mature to registration prior to the issuance of any such Order, including U.S. Registration No. 3,001,095, that Defendant be required to expressly voluntarily cancel such registrations

8. Ordering that U.S. Trademark Registration No. 3,001,095 and any federal registration issuing from U.S. Serial No. 78/364,580 be cancelled pursuant to 15 U.S.C. §1119.

9. Finding Defendant liable for:

   (a) Trademark Infringement under 15 U.S.C. § 1114;

   (b) Trademark dilution under 15 U.S.C. § 1125(c);

   (c) Common law trademark infringement; and

   (d) False Designation of Origin under 15 U.S.C. 1125(a);

10. Ordering that Defendant account for and pay over to NYSDED all profits realized by Defendant for infringement of NYSDED's registered and common law trademarks.

11. Ordering that NYSDED be awarded actual damages in an amount to be determined at trial.

12. Ordering Defendant Pay to NYSDED treble damages.

13. Ordering that NYSDED be awarded reasonable attorneys' fees and costs.

14. Ordering that NYSDED have such other and further relief as the Court may deem equitable and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NYSDED demands a jury trial on all triable issues that are raised by this Complaint.

Respectfully submitted,

HESLIN ROTHENBERG FARLEY & MESITI P.C.

By: /s/ Brett M. Hutton
David P. Miranda, Esq. (BRN –103,536)
Brett M. Hutton, Esq. (BRN – 510,995)
5 Columbia Circle
Albany, NY  12203
Telephone: (518) 452-5600
Facsimile: (518) 452-5579

*Attorneys for Plaintiff*

Dated: December 28, 2007